IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DEE ANNA CORNELL,

          Plaintiff,

v.                                  CIVIL ACTION NO.  2:24-cv-00120

WEST VIRGINIA DIVISION OF
CORRECTIONS & REHABILITATION,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff Dee Anna Cornell's *Motion for Hearing on Default Judgment* (Document 8), the *Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Set Aside Entry of Default* (Document 10), the *Plaintiff's Response in Opposition to Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Set Aside Entry of Default* (Document 11), the *Defendant West Virginia Division of Corrections and Rehabilitation's Reply to Plaintiff's Response in Opposition to Motion to Set Aside Entry of Default* (Document 13), and the *Defendant West Virginia Division of Corrections and Rehabilitation's Response to Court's Order* (Document 15), as well as all attached exhibits.  For the reasons stated herein, the Court finds that the motion to set aside default should be granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Plaintiff filed her complaint and submitted proposed summonses on March 13, 2024. The Defendant was served, and its answer was due on April 4, 2024.  On April 12, 2024, the Court

entered an order directing the Clerk to enter default, and on that same date, the *Entry of Default by Clerk* (Document 7) was docketed.  The Plaintiff moved for default judgment and requested an evidentiary hearing regarding damages on April 15, 2024, and the Defendant filed its motion to set aside default on April 27, 2024.

The Plaintiff, an amputee, alleges that she was discriminated against due to her disability while incarcerated at Lakin Correctional Center in West Columbia, West Virginia, in violation of the Americans with Disabilities Act and the Rehabilitation Act.  The Defendant is the West Virginia Division of Corrections and Rehabilitation (WVDCR).

The WVDCR indicates that it promptly notified the Board of Risk and Insurance Management (BRIM) of the suit via email and requested counsel be retained on March 19, 2024. (Adkins Aff. "A" at ¶ 2) (Document 13-1.)   Counsel was not assigned until April 25, 2024.  (*Id.* at ¶ 6.)  The Defendant argues that it followed standard procedure to initiate a defense, and that while another entity may be responsible for the delay, WVDCR is not personally responsible.   It contends it was unaware that counsel had not been retained until default had been entered, but that it responded promptly when made aware of the entry of default by notifying BRIM.  (*See id.* at ¶¶ 4–5.)  The Defendant states that there has been no history of dilatory action on its part since January 1, 2023, and that it has identified only five instances since that date in which its current or former employees exhibited dilatory action.  (*See generally* Adkins Aff. "B") (Document 15-1.)  The Defendant further argues that the Plaintiff will not be prejudiced if default is set aside, beyond being required to prove her case.   It also asserts that it has a meritorious defense to this action and to default and urges the Court to permit the matter to proceed to adjudication on the merits.

The Plaintiff argues that the Defendant has not shown good cause to set aside default. She concedes that the Defendant has a meritorious defense and that she has not been prejudiced by the delay. However, she contends the Defendant did not act with reasonable promptness because it retained counsel ten days following receipt of the Clerk's entry of default. She further asserts that WVDCR is personally responsible for the delay and that it has exhibited a "pattern and practice" of dilatory action in several cases. Should the Court set aside the default, she requests the Court impose the less drastic sanction of an award of attorney's fees and costs associated with seeking default and default judgment and opposing the motion to set aside.

## APPLICABLE LAW

Under the *Federal Rules of Civil Procedure*, a court may set aside an entry of default for good cause or pursuant to Rule 60(b). Fed. R. Civ. P. 55(c). The Fourth Circuit has established that district courts should weigh the following factors in considering motions to set aside default pursuant to Rule 55(c): "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). It has also "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

## DISCUSSION

The Court finds that the entry of default should be set aside to permit resolution on the merits. Although it cannot be presumed that the Defendant bears no responsibility for ensuring

3

counsel is retained in a timely manner, the Court notes that here WVDCR followed its standard procedure for initiating a defense by timely notifying BRIM and requesting that counsel be appointed. When it became aware of the Clerk's entry of default, the Defendant likewise promptly notified BRIM and reiterated its earlier request. Even disregarding the reasons for the Defendant's failure to timely respond, the existence of potentially meritorious defenses, the relatively brief delay and prompt response to the entry of default, the lack of prejudice to the Plaintiff, the absence of recent history of dilatory action on the part of WVDCR in this context, and the strong preference for resolution on the merits, all weigh in favor of setting aside the entry of default. For these reasons, and having also considered the availability of lesser sanctions, the Court finds the Plaintiff's request for attorneys' fees should be denied.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's *Motion for Hearing on Default Judgment* (Document 8) be **DENIED**, that the *Entry of Default by Clerk* (Document 7) be **SET ASIDE**, and that the *Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Set Aside Entry of Default* (Document 10) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:   June 11, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA